## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MURPHY MITCHEN, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

SIGMA ENTERPRISES, LLC,

    Defendant.
_____/

### DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant Sigma Enterprises, LLC ("Defendant"), in accordance with 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby files its Notice of and Petition for Removal (the "Notice"). Defendant requests that, pursuant to the Class Action Fairness Act, this action filed by Plaintiff Murphy Mitchen ("Plaintiff") and on behalf of all others similarly situated be removed from the Nineteenth Judicial Circuit Court in and for Martin County, Florida to the United States District Court for the Southern District of Florida. The removal of this action is based on the following:

**I.   RELEVANT FACTUAL BACKGROUND**

1.    On or about February 15, 2022, Plaintiff filed a class action Complaint in the Nineteenth Judicial Circuit Court in and for Martin County, Florida bearing Case No. 22000143CAAXMX and styled *Murphy Mitchen, individually and on behalf of all others similarly situated v. Sigma Enterprises, LLC* (hereinafter the "Circuit Court Case"). A true copy of the Complaint is attached hereto as Exhibit A. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

Case No. _____

2. On February 22, 2022, Plaintiff served Defendant with a Summons and the Complaint. *See* <u>Exhibit B</u>. Therefore, this Notice has been filed within 30 days after service of the Complaint pursuant to 28 U.S.C. § 1446(b).

3. A copy of all process, pleadings, and orders served upon Defendant is attached to this Notice as <u>Exhibit B</u>, as required by 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Nineteenth Judicial Circuit Court in and for Martin County, Florida.

5. A removal is not proper unless "all defendants who have been properly joined and served … consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendant has complied with this requirement because Defendant is the only named Defendant and consents to removal and is filing this Notice of and Petition for Removal.

6. The district embracing the place where the Circuit Court Case is pending is the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

7. In his one-count Complaint, Plaintiff alleges Defendant violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, when, on or around December 2021, Defendant began sending several "telephonic sales calls," *i.e.* text messages, to Plaintiff's cellular telephone number. Complaint at ¶¶ 11-14. Plaintiff claims that Defendant failed to obtain prior express written consent to receive the text messages at issue from either himself or the purported class, and that Defendant sent the text messages at issue "utilizing an automated system for the selection or dialing of telephone numbers." *Id.* at ¶¶ 51-53.

8. Plaintiff is bringing this lawsuit "as a class action on behalf of herself[sic] individually and on behalf of all other similarly situated persons as a class action pursuant to

Case No. _____

Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." *Id*. at ¶¶ 37, 47-54.  The purported class is defined by Plaintiff as "[a]ll persons in Florida and/or Florida Residents who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." (the "Class").  *Id.* at ¶ 37.  The Complaint further alleges that the Class meets all class certification requirements including numerosity, common questions of law and fact, typicality, Plaintiff's adequacy as a representative to "fairly and adequately protect the interests of the Class," and superiority. *Id.* ¶¶ 37-46.

9. On behalf of himself and the class, Plaintiff seeks various forms of relief including: (i) an award of statutory damages; (ii) an order declaring that Defendant's actions violate the FTSA; and (iii) an injunction to "otherwise protect the interests of the Class."  *Id.* at p. 11, "Prayer for Relief."

II. **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(d), THE CLASS ACTION FAIRNESS ACT**

10. This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), which grants district courts original subject matter jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B).  A defendant seeking removal on grounds of CAFA jurisdiction must prove the jurisdictional elements by a preponderance of the evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  Removal of this matter is appropriate as all of the elements required to establish original subject matter jurisdiction over this action under CAFA are satisfied.

### A.     This Matter is a "Class Action"

11.     CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff styled his Complaint as a "Class Action Complaint," and has brought this action on behalf of himself and as a representative of all other similarly situated individuals pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3). Compl. at ¶ 37. This is the state law counterpart to Fed. R. Civ. P. 23.

12.     Thus, this action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453(a).

### B.     There Is Minimal Diversity

13.     In order to meet the "minimal diversity" required by CAFA, any member of a class of plaintiffs must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). *See Cooper v. R.J. Reynolds Tobacco Co.,* 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was a citizen of Virginia).

14.     Plaintiff claims that, at all times relevant to the Complaint, he was a citizen and resident of Martin County, Florida. Compl. at ¶ 5. Further, Plaintiff seeks to represent a class of "all persons in Florida and/or Florida residents." *Id.* at ¶ 37.

15.     Defendant, however, is a foreign corporation and maintains its principal place of business and headquarters in Mendota Heights, MN. *Id.* at ¶ 7. A corporation is a citizen of any state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16. Thus, minimal diversity exists within the meaning of 28 U.S.C. § 1332(d)(2)(A) because Defendant is not a citizen of the same state as Plaintiff.

### C. CAFA's Amount in Controversy Requirement is Satisfied

17. Where, as here, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, subject matter jurisdiction under CAFA applies. *See* 28 U.S.C. § 1332(d)(2).

18. Pursuant to 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." This "amount in controversy" requirement is based on the amount that will be put at issue in the course of litigation, not the amount that the plaintiff is likely to recover. *Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 925 (11th Cir. 2019).

19. To determine whether the amount in controversy requirement is satisfied, case law has established that the Court may consider the entire record presented to it and not just the allegations in the Complaint. *See Pretka*, 608 F.3d at 754 (stating that, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation, or star gazing"); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (stating that "[i]n some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper."). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations

omitted).  Although not required, a defendant may introduce affidavits, declarations, or other documentation to demonstrate that CAFA's jurisdictional amount in controversy has been met. *Roe*, 613 F.3d at 1061; *Pretka,* 608 F.3d at 755.

20. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff.  To do otherwise would abdicate the court's statutory right to hear the case and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'"  *Cowan v. Genesco, Inc.*, Case No., 2014 U.S. Dist. LEXIS 95412, at \*\*7-8 (M.D. Fla. Jul. 14, 2014) (citing *Roe*, 613 F.3d at 1064).

21. Here, although Defendant denies that Plaintiff or any member of the putative class has properly stated a cause of action or is entitled to any monetary relief, in the Complaint, Plaintiff seeks damages exceeding the minimum jurisdictional amount under CAFA of $5,000,000.[1]  *See* Compl. at ¶ 37; *see also* Exhibit C, Declaration of Todd Berman ("Berman Decl.").  Defendant's calculation is preliminary based on the purported class allegations in the Complaint.  Specifically, Plaintiff seeks relief for himself and the purported class in the amount of a minimum of $500.00 in damages for each violation, *i.e.* for each text message sent to each individual allegedly without prior written consent, under the FTSA.  The FTSA also provides that such damages may be trebled if a Court finds that a defendant "willfully or knowingly" violated the FTSA, as Plaintiff alleges here. Fl. Stat. § 501.059(10)(b); *see also* Compl. at ¶¶ 52-53.

---

[1] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not in excess of the jurisdictional limit at issue.  By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.  Moreover, Defendant does not believe a class is appropriately certifiable and reserves the right to challenge anyone as an appropriate class member.

Case No. _____

22. In his Declaration, Berman explains that the business records of Attentive Mobile, Inc. ("Attentive), Defendant's text messaging provider, demonstrate that since July 1, 2021, when the FTSA's provisions allowing for a private right of action became enforceable, *see* Compl. at ¶ 35, more than 10,000 text messages were sent to more than 100 subscribers with Florida area codes. *See* Berman Decl. at ¶ 4.

23. Thus, as Plaintiff seeks a minimum of $500 per text message sent to himself and each putative class member, which he estimates to be about 50 text messages per class member, the aggregate amount of alleged statutory damages alone exceeds $5,000,000, based on the allegations in the Complaint and the information submitted in the Berman Declaration. Plaintiff and the class further seek damages in the form of attorneys' fees which may be considered as part of the amount in controversy as attorneys' fees are authorized under the FTSA. *See* Fla. Stat. § 501.059(11)(a). Plaintiff also seeks, by his own allegations, damages in the "millions of dollars." Compl. at ¶ 45.

24. While Defendant disputes that Plaintiffs will ultimately prove they are entitled to *any* damages, there can be no doubt that Plaintiffs' Complaint seeks damages exceeding $5 million by a substantial margin. Accordingly, CAFA's "amount in controversy" element is satisfied.

    **D.**    **The Proposed Class Is Greater Than 100 Members**

25. As alleged in the Complaint, the proposed class includes all persons in Florida and/or Florida residents who, (1) were sent a telephonic sales call regarding Defendant's good and/or serices, (2) using the same equipment or type of equipment utilized to call Plaintiff. *See* Compl. at ¶ 37. Plaintiff estimates that this purported class includes "*at least*" 50 members. *See* Compl. at ¶¶ 35, 39. Plaintiff, however, acknowledges that the exact number and identities of the

Case No. _____

putative class members can be ascertained through discovery, and that identification of the class members is capable of ministerial determination from Defendant's call records. *See id.* at ¶ 40.

26.  As evidenced by the Berman Declaration submitted herewith, the proposed class members of persons in Florida and/or Florida residents who have been sent text messages during the relevant time period would include more than 100 individuals. *See* Berman Decl. at ¶ 4. Therefore, based on the Complaint's proposed class definition, the potential class, which Plaintiff acknowledges Defendant is in the best position to assess, includes more than 100 class members, meeting the CAFA numerosity requirement.

### III.   CONCLUSION

Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida accept the removal of this action from the Circuit Court in and for Martin County, Florida and direct that the Circuit Court has no further jurisdiction of this matter unless and until this case is remanded.

Dated:  March 24, 2022.

        Respectfully submitted,

        *s/ Leslie Lagomasino Baum*
        Leslie Lagomasino Baum, Esq.
        Florida Bar No. 1007655
        Email: *leslie.baum@jacksonlewis.com*
        JACKSON LEWIS P.C.
        One Biscayne Tower, Suite 3500
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 577-7600
        Facsimile: (305) 373-4466

        -and-

Case No. _____

>Jason C. Gavejian
>(*Pro Hac Vice To Be Submitted*)
>Email: *Jason.Gavejian@jacksonlewis.com*
>JACKSON LEWIS P.C.
>200 Connell Drive, Suite 2000
>Berkeley Heights, New Jersey 07922-2811
>Telephone: (908) 795-5200
>Facsimile: (908) 464-2617
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being filed on March 24, 2022, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

>*s/ Leslie Lagomasino Baum*
>Leslie Lagomasino Baum, Esq.

## SERVICE LIST

| | |
|---|---|
| Manuel S. Hiraldo, Esq.<br>Florida Bar No. 030380<br>Email: *mhiraldo@hiraldolaw.com*<br>HIRALDO P.A.<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 400-4713<br>*Counsel for Plaintiff* | Leslie Lagomasino Baum, Esq.<br>Florida Bar No. 1007655<br>Email: *leslie.baum@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br><br>-and-<br><br>Jason C. Gavejian, Esq.<br>(*Pro Hac Vice To Be Submitted*)<br>Email: *Jason.Gavejian@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>200 Connell Drive, Suite 2000<br>Berkeley Heights, New Jersey 07922-2811<br>Telephone: (908) 795-5200<br>Facsimile: (908) 464-2617<br>*Counsel for Defendant* |